**HOWARD A. KROLL, CA Bar No. 100981**
howard.kroll@cph.com
**STEVEN E. LAURIDSEN, CA Bar No. 246364**
steven.lauridsen@cph.com
**CHRISTIE, PARKER & HALE, LLP**
655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile:  (626) 577-8800

Attorneys for Defendants,
SMASH PICTURES, INC.
DANIEL QUINN, STUART WALL; JAMES LANE aka JIM POWERS and
RIGHT ASCENSION, INC. d/b/a
ADULT DVD EMPIRE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIFTY SHADES LIMITED, a United Kingdom private company; and UNIVERSAL CITY STUDIOS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SMASH PICTURES, INC., a California corporation; LUV MOVES, a business entity of unknown form; DANIEL QUINN, an individual; STUART WALL, an individual; JAMES LANE aka JIM POWERS, an individual; RIGHT ASCENSION, INC., d/b/a ADULT DVD EMPIRE, a Pennsylvania corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV12-10111 PSG (SHx)<br><br>**DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE PRELIMINARY INJUNCTION HEARING TO ALLOW FOR DISCOVERY** |

## I. INTRODUCTION

Defendants respectfully request that the Court issue an order continuing the April 1, 2013 hearing on Plaintiffs' Motion for Preliminary Injunction (D.I. 19) to allow Defendants time to conduct discovery prior to the hearing. Defendants also request that the Court issue an order waiving the requirement of Federal Rule of Civil Procedure 26(d)(1) that the parties conduct their Rule 26(f) conference prior to taking discovery. Ex parte relief is necessary because a regularly noticed motion would not be heard until after the motion for preliminary injunction hearing date and because Defendants did not become aware of the fact Plaintiffs would not consent to the requested discovery until February 27, 2013.

Plaintiffs are represented by the following attorneys at Jenner & Block LLP, 633 West 5th Street, Suite 3600, Los Angeles, CA 90071, 213-239-5100:

Andrew J. Thomas (ajthomas@jenner.com)

David R. Singer (dsinger@jenner.com)

Lisa J. Kohn (lkohn@jenner.com)

Plaintiffs' counsel has stated that Plaintiffs intend to oppose this application.

## II. STATEMENT OF FACTS

Plaintiffs initiated this action when they filed their complaint for copyright infringement and six other claims on November 27, 2012. Two months later, Plaintiffs filed a motion for preliminary injunction, asserting a likelihood of success on the merits of their copyright infringement claim. [D.I. 19.] Under the current schedule, Defendants opposition to the motion is due March 11, 2013. *See* L.R. 7-9.

As Defendants explain in their counterclaim, there are serious questions regarding the validity of Plaintiffs copyrights, and Plaintiffs believe that that as much as 89% of the allegedly copyrighted material is derived from previously published, public domain fan fiction based on Stephanie Myers' *Twilight* novels.

[Counterclaim ¶¶ 15-19.]  Defendants thus attempted to take discovery concerning the validity of the copyrights for use in their opposition to the motion for preliminary injunction.  Specifically, Defendants noticed the deposition of Fifty Shades Limited for March 6, 2013 and requested a copy of the previously published fan fiction.  [Declaration of Steven E. Lauridsen ("Lauridsen Decl.") ¶ 3 and Ex. 1.]  Defendants served this discovery on February 22, 2013 and sent Plaintiffs' counsel a courtesy copy by email that same day.  [*Id.*]  On February 27, 2013, Plaintiff's counsel sent a letter stating that it would neither produce documents nor make a representative of Fifty Shades Limited available for deposition because the parties had not yet engaged in a Rule 26(f) conference and because the requests for production did not allow thirty days for a response as required by Rules 30(b)(2) and 34(b)(2)(A).  [Lauridsen Decl. Ex. 2.]  Of course, if Defendants had allowed thirty days for the production of documents, the documents would be due after the opposition due date.

Upon receipt of Plaintiffs' letter, counsel for Defendants contacted counsel for Plaintiffs and explained that Defendants intended to file this application to continue the hearing and to waive the Rule 26(d)(1) stay on discovery.  [Lauridsen Decl. ¶ 2.]  Counsel for Plaintiffs indicated that they would oppose this application.  [*Id.*]  Counsel for Defendants informed Plaintiffs' counsel that Plaintiffs' opposition must be filed no later than 3:00 p.m. on the next business day following service of this application.  [*Id.*]

## III. THE COURT SHOULD CONTINUE THE HEARING TO ALLOW FOR TARGETED DISCOVERY

The Court should continue the hearing on the motion for preliminary injunction and allow Defendants to engage in limited discovery regarding the factual issues raised in that motion.  Federal courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO*, *Inc.*, 501 U.S. 32, 43 (1991). This Court has

broad discretion to order discovery, even at the stage of a preliminary injunction motion. *See* Fed. R. Civ. P. 26(d)(1); *see also Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) (noting "the urgent need for discovery in connection with an application for . . . preliminary injunction") (citations omitted); *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007).

Such discovery will "better enable[] the court to judge the parties' interests and respective chances for success on the merits." *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (granting discovery in connection with preliminary injunction motion); *see also Stanley*, 13 F.3d at 1326.

Plaintiffs filed four declarations in support of their motion that purport to offer evidence concerning the fame of the allegedly copyrighted works, the development and promotion of a movie adaptation of the works, the alleged irreparable injury Plaintiffs will suffer absent entry of a preliminary injunction, and comparisons between dialogue from the allegedly copyrighted works and the accused work. Defendants should be allowed to test this evidence. At the same time, Defendants should be allowed the opportunity to develop their own affirmative evidence concerning the originality of the allegedly copied scenes and dialog.

Plaintiffs cannot assert that they would be prejudiced by the undertaking of discovery as the discovery would be limited to the issues central to the motion for preliminary injunction, which should not cause any delay. Moreover, Plaintiffs' prosecution of this case indicates that time is not of the essence: Plaintiffs waited two months from the filing of the complaint to file their motion for preliminary injunction. And any purported prejudice would be alleviated by the facts that the parties previously stipulated that Defendants would temporarily cease sales of the accused work and that "Defendants further agree[d] that they will not sell, offer to sell, release, distribute in any form a second adult film based on the Fifty Shades

-4-

Trilogy before April 15, 2013, unless Defendants receive the written permission of Plaintiffs." [*See* D.I. 15 at 3:12-15.] If the Court grants this application, Defendants represent that they will extend this agreement until the new hearing date on the motion for preliminary injunction, unless they receive the written permission of Plaintiffs to act otherwise. Finally, even if Plaintiffs were prejudiced in any way, the interests of justice would outweigh the prejudice. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (noting that discovery may be allowed where the need for such discovery, "in consideration of the administration of justice, outweighs the prejudice to the responding party").

## IV.  CONCLUSION

The interests of justice require that Defendants be allowed to conduct targeted discovery regarding the issues raised in Plaintiffs' motion for preliminary injunction before having to file an opposition to the motion. Defendants therefore respectfully request that the Court issue an order continuing the hearing on the motion and allowing Defendants to conduct discovery prior to the hearing.

DATED:  February 28, 2013          Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By */s/Steven E. Lauridsen*
Steven E. Lauridsen

Attorneys for Defendants,
SMASH PICTURES, INC., DANIEL QUINN, STUART WALL, JAMES LANE aka JIM POWERS and RIGHT ASCENSION
d/b/a ADULT DVD EMPIRE

SCL PAS1220881.1-*-02/28/13 3:23 PM

# CERTIFICATE OF SERVICE

I certify that on February 28, 2013, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **Ex Parte Application to Continue the Preliminary Injunction Hearing to Allow for Discovery** was served on the parties in this action via facsimile:

> Andrew J. Thomas
> David R. Singer
> Lisa J. Kohn
> JENNER & BLOCK LLP
> 633 West 5th Street, Suite 3600
> Los Angeles, CA  90071
> Phone:  213-239-5100
> Facsimile:  213-239-5199

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on February 28, 2013 at Glendale, California.

_____
Susan Lovelace

CHRISTIE, PARKER & HALE, LLP