JENNER & BLOCK LLP
Andrew J. Thomas (SBN 159533)
ajthomas@jenner.com
David R. Singer (SBN 204699)
dsinger@jenner.com
Lisa J. Kohn (SBN 260236)
lkohn@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Plaintiffs
Fifty Shades Limited and
Universal City Studios LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIFTY SHADES LIMITED, a United Kingdom private company; and UNIVERSAL CITY STUDIOS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SMASH PICTURES, INC., a California corporation; LUV MOVES, a business entity of unknown form; DANIEL QUINN, an individual; STUART WALL, an individual; JAMES LANE aka JIM POWERS, an individual; RIGHT ASCENSION, INC., d/b/a ADULT DVD EMPIRE, a Pennsylvania corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 12-10111-PSG (SHx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE PRELIMINARY INJUNCTION HEARING TO ALLOW FOR DISCOVERY** |

## I. Introduction

Defendants' slapped-together Ex Parte Application falls far short of presenting a compelling justification for emergency relief.  Defendants ignore the strict standards imposed within the Ninth Circuit for expedited discovery relating to a preliminary injunction motion.  They do not even attempt to identify specific, "targeted" discovery they wish to propound on an expedited basis, and they fail to offer any concrete explanation why such discovery would be essential to their ability to oppose Plaintiffs' pending preliminary injunction motion (the "PI Motion").  Instead – after waiting a full month since the filing of Plaintiffs' motion – Defendants now ask this Court effectively to postpone the injunction hearing indefinitely and to authorize the Defendants (but not the Plaintiffs) to engage in full-fledged discovery in the meantime.  *See* Defendants' Proposed Order.  Defendants cite no authority whatsoever that would support such sweeping relief.

Even the discovery sought by Defendants in the premature and improper Rule 30(b)(6) deposition notice they purported to serve on plaintiff Fifty Shades Limited last week is vastly overbroad – encompassing nearly every issue in the case – and thus fails to satisfy the operative standard for expedited discovery at this stage of a case.  Defendants' purported deposition notice – directed to the United Kingdom-based party for whom an early and expedited deposition would pose the greatest burden – sought testimony on no less than 10 separate subjects, including such broad areas as "the marketing, development, creation, production, and distribution" of any feature film adaptation of the Fifty Shades novels; "the accused work in this action"; the "marketing and promotion" of the Fifty Shades novels generally; and "all allegations" in the PI Motion and the accompanying Erika Mitchell declaration.  Defendants make no effort at all in their Application to explain how testimony on these topics is critical to their ability to respond to the PI Motion.  (Indeed, Defendants do not even seem particularly troubled by the prospect of interim injunctive relief, as they state in their Application that they are

willing to agree to cease distributing their allegedly infringing film, as well as any sequels, while they conduct the far-reaching and one-sided discovery they seek. *See* App. at 5.)

Furthermore, Defendants' unsupported assertion that they "believe that as much as 89% of the allegedly copyrighted material" is "derived from" previously-published *Twilight* fan fiction (App. at 2) is a highly misleading attempt to manufacture an issue were none exists. Defendants make it sound like the "fan fiction" they mysteriously refer to was written by someone else. What they fail to tell the Court is that this fan fiction is actually a novel written by and owned by Erika Mitchell – the *same person* who is the author of the *Fifty Shades of Grey* novels and who is the principal of plaintiff Fifty Shades Limited.[1]

Defendants' Ex Parte Application is transparently a last-minute bid to put off indefinitely a court ruling on Plaintiffs' PI Motion. Because Defendants have failed to meet the operative standard for leave to conduct specifically-identified and narrowly-focused expedited discovery, the Court should deny the Application in its entirety.

## II. Factual Background

Plaintiffs Fifty Shades Limited ("FSL") and Universal City Studios LLC ("Universal") filed the Complaint on November 27, 2012, seeking preliminary injunctive relief and other remedies for copyright infringement and other claims

---

[1] It has been widely reported that Ms. Mitchell initially wrote a novel called *Master of the Universe*, which inserted the main characters from the Stephenie Meyer *Twilight* novels into a new story created by Ms. Mitchell, a story that involved detailed descriptions of a dominant/submissive sexual relationship, and that Ms. Mitchell then changed the characters to become Anastasia Steele and Christian Grey and modified her own story to create the *Fifty Shades of Grey* novels. That an author's second version of a story resembles (even "89%" resembles) that same author's first version of the story is hardly remarkable, and it says nothing about whether Defendants copied the *Fifty Shades* novels in their unauthorized film adaptation.

1  arising from Defendants' pornographic adaptation of Ms. Mitchell's bestselling
2  novels *Fifty Shades of Grey*, *Fifty Shades Darker*, and *Fifty Shades Freed* (the
3  "Fifty Shades Trilogy").  Defendants have freely admitted to the media that in
4  producing their film – which they titled "*Fifty Shades of Grey: A XXX Adaptation*"
5  – they sought to replicate the Fifty Shades Trilogy as accurately as possible,
6  describing their adaptation as "very true to the book," with a script written "to be
7  as close to the series as [the director] can get."  Dkt No. 19-6 (Kohn Decl., Ex. 16).
8       After engaging in unsuccessful settlement discussions with Defendants,
9  Plaintiffs filed the PI Motion on January 29, 2013, setting the hearing for the
10 earliest available date – April 1, 2013.  *See* Dkt No. 19; *see also* Dkt No. 19-9
11 (Thomas Decl. ¶¶ 4-8). Based on that hearing date, Defendants' opposition is due
12 on March 11 – 40 days after the motion was filed, which is more than five times
13 the seven-day minimum period provided by the Local Rules.
14      Seemingly unaware of the timing restrictions on initiating discovery under
15 the Federal Rules of Civil Procedure, Defendants served a "Notice of Videotaped
16 Deposition of Fifty Shades Limited with Request for Production of Documents" on
17 February 22.  The deposition notice purported to set a Rule 30(b)(6) deposition of
18 Fifty Shades Limited covering ten broad subject areas[2] and seeking the production

---

[2] The subject matters are (1) the marketing, development, creation, production, and distribution of the feature film adaptation(s) of THE 50 SHADES MATERIALS, whether completed, planned, or pending; (2) the accused work in this action; (3) the creation, authorship, and publication of MASTER OF THE UNIVERSE: (4) the creation, authorship, and publication of THE 50 SHADES MATERIALS; (5) the similarities and differences between MASTER OF THE UNIVERSE and THE 50 SHADES MATERIALS; (6) the marketing and promotion of THE 50 SHADES MATERIALS; (7) the similarities and differences between THE 50 SHADES MATERIALS and the accused work in this action; (8) all allegations set forth in the declaration signed by MITCHELL that was filed in connection with the motion for a preliminary injunction that was filed in this action; (9) all allegations set forth in the motion for a preliminary injunction that was filed in this action; and (10) the copyrights asserted in this litigation.  *See* Declaration of Steven Lauridsen, Ex. 1.

1  of documents on March 6, 2013, five days before Defendants' opposition to the PI
2  Motion is due.
3        Fifty Shades Limited is located in the United Kingdom and is owned by
4  Erika Mitchell, who wrote the Fifty Shades Trilogy under the pen name E L James.
5  Defendants' deposition notice plainly was intended to make Ms. Mitchell travel
6  from the United Kingdom to Los Angeles for an early and unnecessary deposition.
7        On February 27, Plaintiffs sent Defendants a letter informing them that the
8  their deposition notice was premature and unenforceable under Rule 26(d)(1) of
9  the Federal Rules of Civil Procedure, because they served it before the parties'
10 Rule 26(f) conference.  *See* Lauridsen Decl., Ex. 2.  The Rule 26(f) conference
11 must occur in approximately four months, by June 24, 2013, because this matter is
12 set for a scheduling conference on July 15, 2013.  *See* Dkt. No. 27.  Plaintiffs'
13 letter also explained that, in any event, a deposition notice with document requests
14 requires 30 days' notice under Rule 34(b)(2)(A) and Rule 30(b)(2).  *Id.*  After
15 Plaintiffs informed Defendants that FSL would not produce a witness or
16 documents on March 6, Defendants filed the instant Ex Parte Application seeking
17 virtually unlimited discovery and an indefinite continuance of the preliminary
18 injunction hearing.

### III.    Defendants' Emergency Request For A Continuance To Conduct Full-Fledged Discovery Does Not Remotely Satisfy The Standard For Such Extraordinary Relief

22       "Ex parte relief is reserved for applicants who demonstrate why they should
23 be allowed to 'go to the head of the line in front of all other litigants and receive
24 special treatment.'"  *Pate v. Wells Fargo Bank Home Mortg., Inc.*, 2011 U.S. Dist.
25 LEXIS 73781, at *3 (C.D. Cal. July 7, 2011) (quoting *Mission Power Engineering*
26 *Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).  A party
27 requesting ex parte relief must establish "that it is without fault in creating the
28 crisis that requires ex parte relief, or that the crisis occurred as a result of excusable

1  neglect." *United States ex rel. Lee v. Corinthian Colleges*, 2013 U.S. Dist. LEXIS
2  14995, at *1-2 (C.D. Cal. Feb. 4, 2013) (citing *Mission Power Engineering*, 883 F.
3  Supp. at 492). As set forth in this Court's standing order, "Ex parte applications
4  are solely for extraordinary relief and should be used with discretion. Sanctions
5  may be imposed for misuse of ex parte applications." Dkt No. 11. The scheduling
6  order also makes clear that continuances are "disfavored," because "[t]his Court
7  has a strong interest in keeping scheduled dates certain." *Id.*

8        Here, Defendants' request for a continuance is a "crisis" of their own
9  making. Because their opposition papers were not due until six weeks after
10 Plaintiffs filed the PI Motion, Defendants could have applied much sooner for
11 expedited discovery, narrowly focused on opposing the motion, without needing to
12 move the hearing date. Yet Defendants waited a month to file this emergency
13 application. They do not provide any explanation for their delay (or for their
14 earlier service of a facially improper deposition notice). Instead, they boldly ask
15 this Court "to waive the Rule 26(d)(1) stay on discovery" (App. at 3), continue the
16 hearing to an unspecified date, and even be "willing to entertain further
17 continuances" (*see* Proposed Order). Having sat on their hands for a month,
18 Defendants now ask this Court to reward them with an emergency order delaying
19 indefinitely a hearing on Plaintiffs' preliminary injunction motion. Defendants
20 utterly fail to justify such extraordinary relief.

21 **IV.**   **Defendants Request For Full-Fledged Discovery Is Without Merit**
22       Defendants' ex parte application is predicated on the false notion that they
23 are entitled to full-fledged (and one-sided) discovery simply because Plaintiffs
24 have moved for a preliminary injunction. They do not cite to a single case that
25 supports a complete waiver of the Rule 26(d)(1) stay of discovery due to a pending
26 preliminary injunction motion or even attempt to justify why such a waiver is
27 warranted here.
28

-5-
Plaintiffs' Opposition to Ex Parte Application to Continue Preliminary Injunction Hearing

"[E]xpedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). A defendant opposing a preliminary injunction must demonstrate that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Hansen Beverage Co. v. Innovation Ventures,* LLC, Civil No. 08-cv-1166-IEG (POR), 2008 WL 3992353, *1 (S.D. Cal., Aug. 28, 2008) (denying defendant's ex parte application for expedited discovery in opposition to preliminary injunction where plaintiff would be unduly prejudiced by having to respond in an expedited manner).

In deciding whether to grant a request for expedited discovery, courts consider factors including "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the responding party in complying with the request; and (5) how far in advance of the typical discovery process the request was made." *Quia Corp. v. Mattel, Inc.*, No. C10-01902 JF (HRL), 2010 WL 2179149, *1 (N.D. Cal., May 27, 2010).

Expedited discovery requests may not be "excessively broad." Instead, they should be "narrowly tailored" and directly relevant to the preliminary injunction motion. *Palermo v. Underground Solutions, Inc.*, No. 12cv1223-WQH (BLM), 2012 WL 2106228, *3 (S.D. Cal., June 11, 2012). Indeed, "courts generally deny motions for expedited discovery when the movant's discovery requests are overly broad." *Philadelphia Newspapers v. Gannett Satellite Info. Network*, 1998 U.S. Dist. LEXIS 10511, at *6 (E.D. Pa. July 15, 1998) (denying "time-consuming discovery" requests "[w]ithout reasonable boundaries").

For example, one court denied a defendant's motion for expedited discovery to rebut the plaintiff's preliminary injunction motion, "[b]ecause defendant fails to indicate *what specific information it believes should be subject to discovery* for the

1 limited purpose of responding to plaintiff's pending motion." *Boathouse Group,
2 Inc. v. TigerLogic Corp.*, 777 F. Supp. 2d 243, 254 (D. Mass. 2011) (emphasis
3 added). Another court denied a request for expedited discovery that was "a
4 broadside not reasonably tailored to the time constraints under which both parties
5 must proceed or to the specific issues that will have to be determined at the
6 preliminary injunction hearing." *Irish Lesbian & Gay Org. v. Giuliani*, 918 F.
7 Supp. 728, 731 (S.D.N.Y. 1996).

      Here, Defendants are not seeking specific "targeted" discovery. They do not propose specific document requests, particular interrogatories, or limited depositions on narrowly drawn topics. To the contrary, as their Proposed Order makes clear, Defendants seek an unlimited waiver of the Rule 26(d)(1) hold on discovery four months before they would otherwise be entitled to full discovery. On its face, such wide-ranging expedited discovery is excessive, overreaching, and unduly burdensome. *See Palermo*, 2012 WL 2106228, at *3 (denying expedited discovery where the request "appears to be a vehicle to conduct the entirety of his discovery prior to the Rule 26(f) conference, and would present an undue burden on Defendant at this stage in the proceedings").

      Defendants fail to explain how *any* discovery is necessary at this stage to oppose Plaintiffs' preliminary injunction motion. *See Hansen Beverage*, 2008 WL 3992353, at *2 (denying defendant's ex parte application for expedited discovery where defendant failed to explain need for documents and deposition in light of information already available to it). They broadly and generically assert that they "should be allowed to test" the evidence Plaintiff submitted in support of their preliminary injunction motion. *See* App. at 2. If that were a sufficient basis to waive the stay on early discovery, every party opposing a preliminary injunction would automatically be entitled to full discovery. But even limited expedited discovery is not automatic and may only be granted upon a showing of good cause. *See Am. LegalNet*, 673 F. Supp. 2d at 1066.

1  Defendants also claim that they "should be allowed the opportunity to
2  develop their own affirmative evidence concerning the originality of the allegedly
3  copied scenes and dialog" (App. at 2), again without explaining why they cannot
4  do so without early discovery.  Moreover, their unsupported assertion that "as
5  much as 89% of the allegedly copyrighted material is derived from previously
6  published, public domain fan fiction based on Stephanie Myers' *Twilight* novels"
7  (App. at 2) is both deliberately misleading and legally flawed.  Defendants suggest
8  that the Fifty Shades Trilogy is "derived from" works by authors other than Erika
9  Mitchell.  However, Defendants are in fact referring to an earlier version of the
10 same story *written by Ms. Mitchell*, which they in their own improper deposition
11 notice identified as "*Master of the Universe*."  *See* Ex. 1 at 4 ("'MASTER OF THE
12 UNIVERSE' shall mean any works titled Master of the Universe that were
13 purportedly authored, created, and/or published by MITCHELL").  Defendants do
14 not and cannot provide any legal authority for the proposition that an earlier
15 version of Ms. Mitchell's work is now in the "public domain."  They can hardly
16 defend their infringement of Plaintiffs' copyrights in the Fifty Shades Trilogy by
17 claiming that it is substantially similar to Ms. Mitchell's own earlier work.

18  Even the improper deposition notice Defendants tried to serve is vastly
19 overbroad and fails to satisfy the relevant standard.  Instead of seeking "narrowly
20 tailored" discovery critical to opposing the PI Motion, Defendants' proposed Rule
21 30(b)(6) deposition would cover no less than ten separate subjects, including "all
22 allegations" in the PI Motion and the supporting Mitchell declaration, regardless of
23 whether Defendants can respond to those allegations without such testimony.

24  The notice demands testimony from Fifty Shades Limited – meaning,
25 effectively, from Ms. Mitchell – on such broad subjects as "the marketing,
26 development, creation, production, and distribution" of any feature film adaptation
27 of the Fifty Shades Trilogy and the "marketing and promotion" of the Fifty Shades
28 Trilogy.  The deposition subjects also include topics upon which Defendants have

superior knowledge, such as "the accused work in this action." And despite having repeatedly and publicly admitted that they copied the Fifty Shades Trilogy and tried to "be as close to the [book] series as [the director] can get" (Dkt No. 19-6 (Kohn Decl., Ex. 16)), Defendants nonetheless seek testimony from FSL on the "similarities and differences" between the Fifty Shades Trilogy and "the accused work in this action." Moreover, Defendants' Ex Parte Application completely fails to address why testimony on any of these subjects is relevant, urgent, and necessary to oppose the PI Motion.

Remarkably, Defendants contend that Plaintiffs would not be prejudiced because their request to continue the preliminary injunction hearing to an unspecified date while they engage in unspecified and unrestricted discovery "should not cause any delay." App. at 4. But an indefinite delay is exactly what they seek. Indeed, their Proposed Order expressly contemplates "further continuances to ensure an adequate record is developed for this motion." Defendants attempt to "alleviate" this manifest prejudice by "represent[ing] that they will extend [their] agreement" to "temporarily cease sales of the accused work" (App. at 4-5), but their Proposed Order contains no such language. Even if it did, Plaintiffs plainly would be prejudiced by having to bear the burden and expense of responding to unlimited *and completely one-sided* discovery. Defendants have indicated that such discovery would include, at a minimum, the immediate deposition of a witness based in the United Kingdom on ten broad subjects. *See* note 1, *supra*. Plaintiffs would be unduly prejudiced if Defendants are permitted to take such a deposition, let alone given wide latitude to "conduct discovery concerning the motion for preliminary injunction prior to the parties' Rule 26(f) conference" (*see* Proposed Order), while Plaintiffs have to wait another four months to obtain any discovery from them.

The cases Defendants cite do not support their overreaching request for a complete waiver of the Rule 26(d)(1) stay of early discovery. In *Stanley v.*

*University of S. Cal.*, for example, the Ninth Circuit held that a district court did not err "in resolving the preliminary injunction without providing [the plaintiff] an opportunity to conduct discovery," and simply cited a treatise for the proposition that good cause "may exist" for early discovery in connection with a preliminary injunction motion.  *See* 13 F.3d 1313, 1326 (9th Cir. 1994).  In *Semitool, Inc. v. Tokyo Electron Am.*, the court permitted only "narrowly tailored" discovery to "mov[e] this case forward," and noted that the plaintiff's discovery requests "entail[] not … a free ranging deposition for which a representative of Defendants may not have had sufficient time or information with which to prepare."  208 F.R.D. 273, 277 (N.D. Cal. 2002).  Here, in contrast, Defendants initially demanded a "free ranging deposition" and now seek *free ranging discovery* without any limitation on the number of depositions, document requests, or interrogatories.  They are not seeking discovery to move the case forward, but to indefinitely stall Plaintiffs' PI Motion while they alone are permitted to engage in full discovery.

## V.     Conclusion

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Ex Parte Application be denied in its entirety.

Dated:  March 1, 2013                                    JENNER & BLOCK LLP

                                                        By  /s/ Andrew J. Thomas
                                                            Andrew J. Thomas

                                                        Attorneys for Plaintiffs
                                                        Fifty Shades Limited and
                                                        Universal City Studios LLC