1    **HOWARD A. KROLL, CA Bar No. 100981**
     howard.kroll@cph.com
2    **STEVEN E. LAURIDSEN, CA Bar No. 246364**
     steven.lauridsen@cph.com
3    **CHRISTIE, PARKER & HALE, LLP**
     **655 N. Central Avenue, Suite 2300**
4    **Glendale, California 91203-1445**
     **Telephone: (626) 795-9900**
5    **Facsimile:  (626) 577-8800**

6    Attorneys for Defendants and Counterclaimants,
     SMASH PICTURES, INC.,
7    DANIEL QUINN, STUART WALL; JAMES
     LANE aka JIM POWERS and
8    RIGHT ASCENSION, INC. d/b/a
     ADULT DVD EMPIRE

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL  DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| FIFTY SHADES LIMITED, a United Kingdom private company; and UNIVERSAL CITY STUDIOS LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> SMASH PICTURES, INC., a California corporation; LUV MOVES, a business entity of unknown form; DANIEL QUINN, an individual; STUART WALL, an individual; JAMES LANE aka JIM POWERS, an individual; RIGHT ASCENSION, INC., d/b/a ADULT DVD EMPIRE, a Pennsylvania corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. CV12-10111 PSG (SHx) <br><br> **COUNTERCLAIM AGAINST FIFTY SHADES LIMITED AND UNIVERSAL CITY STUDIOS LLC** <br><br> **DEMAND FOR A JURY TRIAL** |
| SMASH PICTURES, INC., a California corporation; DANIEL QUINN, an individual; STUART WALL, an individual; JAMES LANE aka JIM POWERS, an individual; RIGHT ASCENSION, INC., d/b/a ADULT DVD EMPIRE, | |

-1-

CHRISTIE, PARKER & HALE, LLP

1

2

                    Counterclaimants

                vs.

3

4      FIFTY SHADES LIMITED, a United
       Kingdom private company; and

5      UNIVERSAL CITY STUDIOS LLC, a
       Delaware limited liability company,

6                  Counter-defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

## Jurisdiction and Venue

1.    This is an action for a declaration of copyright non-infringement and invalidity, of no violation of 15 U.S.C. § 1125 or Cal. Bus. & Prof Code §§ 17200, 17500, and that Counterclaimants have not engaged in acts of common law unfair competition, all under 28 U.S.C. §§ 2201 and 2202, 15 U.S.C. § 1125, Cal. Bus. & Prof Code §§ 17200, 17500, and 17 U.S.C. § 101, et seq. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

2.    This Court has jurisdiction over the Counter-defendants by virtue of their submission to the jurisdiction of this Court in filing their complaint. Venue is proper in this district under 28 U.S.C. §§ 1391.

## The Parties

3.    Defendant and Counterclaimant Smash Pictures, Inc. ("Smash") is a California Corporation with its principal place of business at 9619 Canoga Avenue, Chatsworth, California.

4.    Defendant and Counterclaimant Daniel Quinn is a resident of Colchester, Connecticut.

5.    Defendant and Counterclaimant Stuart Wall is a resident of Sherman Oaks, California.

6.    Defendant and Counterclaimant James Lane aka Jim Powers is a resident of Northridge, California.

7.    Defendant and Counterclaimant Right Ascension, Inc. dba Adult DVD Empire is a Pennsylvania corporation with its principal place of business at 2140 Woodland Road, Warrendale, Pennsylvania.

8.    On information and belief, Plaintiff and Counter-defendant Universal City Studios LLC ("Universal") is a Delaware limited liability company with its principal place of business located at 100 Universal City Plaza, Universal City, California.

9.    On information and belief, Plaintiff and Counter-defendant Fifty

-3-

Shades Limited ("FSL") is a United Kingdom private company with its principal place of business at 18 Clifden Road, Middlesex, United Kingdom.

## FIRST CLAIM FOR RELIEF

### (Declaration of Copyright Non-infringement)

10.     Counterclaimants reallege the allegations of paragraphs 1 through 9.

11.     FSL has alleged that it is the owner of the federal copyright registrations for three books: TX0007583125 (*Fifty Shades of Grey*), TX0007583138 (*Fifty Shades Darker*), and TX0007583107 (*Fifty Shades Freed*). Counter-defendants have alleged that, pursuant to an agreement, Universal is the owner of the exclusive motion picture rights to these works.

12.     An actual controversy exists between Counterclaimants, on the one hand, and Counter-defendants on the other as Counter-defendants contend Counterclaimants have each infringed these copyrights, and Counterclaimants contend that they have not infringed them.

13.     A judicial determination is necessary and proper at this time as to whether Counterclaimants have infringed the copyrights alleged by Counter-defendants in the complaint in this action.

## SECOND CLAIM FOR RELIEF

### (Declaration of Copyright Invalidity and Non-enforceability)

14.     Counterclaimants reallege the allegations of paragraphs 1 through 13.

15.     FSL has alleged that it is the owner of the federal copyright registrations for three books: TX0007583125 (*Fifty Shades of Grey*), TX0007583138 (*Fifty Shades Darker*), and TX0007583107 (*Fifty Shades Freed*) (collectively, the "allegedly copyrighted materials").  Counter-defendants have alleged that, pursuant to an agreement, Universal is the owner of the exclusive motion picture rights to these works.

16.     Counter-defendants contend Counterclaimants have each infringed

-4-

these copyrights, and Counterclaimants contend that they have not infringed them.

17.   On information and belief, as much as 89% of the content of the allegedly copyrighted materials grew out of a multi-part series of fan fiction called *Masters of the Universe* based on Stephenie Myer's *Twilight* novels.  On information and belief, this content was published online between 2009 and 2011 in various venues, including fanfiction.net and the person website of Erika Leonard.  On information and belief, much or all of this material was placed in the public domain.

18.   An actual controversy exists between Counterclaimants, on the one hand, and Counter-defendants on the other as to the validity and enforceability of the registrations for the allegedly copyrighted material and as to whether the allegedly copyrighted material is original or is in the public domain.

19.   A judicial determination is necessary and proper at this time as to whether the registrations for the allegedly copyrighted material are valid and enforceable and as to whether the any purported copyright in the allegedly copyrighted material is valid and enforceable.

## THIRD CLAIM FOR RELIEF

### (Declaration of No Violation of 15 U.S.C. § 1125)

20.   Counterclaimants reallege the allegations of paragraphs 1 through 19.

21.   FSL has alleged that it owns FIFTY SHADES, FIFTY SHADES OF GREY, FIFTY SHADES DARKER, FIFTY SHADES FREED, CHRISTIAN GREY, and ANASTASIA STEELE as trademarks (collectively, "the alleged trademarks").

22.   Counter-defendants have asserted that Counterclaimants have used the alleged trademarks in a manner so as to constitute false designation of origin, false advertising, and trademark dilution, all in violation of 15 U.S.C. § 1125.

CHRISTIE, PARKER & HALE, LLP

Counterclaimants deny these allegations, and an actual controversy therefore exists between Counterclaimants and Counter-defendants.

23. A judicial determination is necessary and proper at this time as to whether Counterclaimants have used the alleged trademarks in violation of 15 U.S.C. § 1125.

## FOURTH CLAIM FOR RELIEF

### (Declaration of No Violation of Cal. Bus. & Prof Code § 17200, et seq.)

24. Counterclaimants reallege the allegations of paragraphs 1 through 23.

25. An actual controversy exists between Counterclaimants and Counter-defendants in that Counter-defendants have alleged that Counterclaimants have exploited the alleged trademarks, usurped the goodwill of FSL, and will be able to pass off various works of Counterclaimants (labeled as "Infringing Works" in the complaint in this action) as substitutes for FSL's books, authorized derivative works, or authorized products in violation of Cal. Bus. & Prof. Code § 17200, et seq.

26. A judicial determination is necessary to determine whether the above alleged conduct violates Cal. Bus. & Prof Code § 17200, et seq.

## FIFTH CLAIM FOR RELIEF

### (Declaration of No Violation of Cal. Bus. & Prof Code § 17500, et seq.)

27. Counterclaimants reallege the allegations of paragraphs 1 through 26.

28. An actual controversy exists between Counterclaimants and Counter-defendants in that Counter-defendants have alleged that Counterclaimants have, in addition to the alleged conduct discussed above, used the alleged trademarks in commerce to advertise, market, and sell products described as the Infringing Works in the complaint with the express or implied representation that the sale originated with or was endorsed or approved by FSL in violation of Cal. Bus. &

CHRISTIE, PARKER & HALE, LLP

Prof. Code § 17500, et seq.

29.     A judicial determination is necessary to determine whether the above alleged conduct violates Cal. Bus. & Prof Code § 17200, et seq.

## SIXTH CLAIM FOR RELIEF

### (Declaration of No California Common Law Unfair Competition)

30.     Counterclaimants reallege the allegations of paragraphs 1 through 29.

31.     An actual controversy exists between Counterclaimants and Counter-defendants in that Counter-defendants have alleged that Counterclaimants have, through the alleged conduct discussed above, intentionally caused a likelihood of confusion among the public and have unfairly competed in violation of the common law of the State of California.

32.     A judicial determination is necessary to determine whether the above alleged conduct constituted common law unfair competition in the state of California.

## PRAYER FOR RELIEF

WHEREAS, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing by their complaint;

2.     That the Court determine and declare that Defendants and Counterclaimants have not engaged in acts constituting copyright infringement, false designation of origin, false advertising, trademark dilution, or common law unfair competition or in acts in violation of Cal. Bus. & Prof. Code §§ 17200, 17500;

3.     That the Court determine and declare that federal copyright registrations for three books: TX0007583125 (*Fifty Shades of Grey*), TX0007583138 (*Fifty Shades Darker*), and TX0007583107 (*Fifty Shades Freed*), as well as the underlying copyrights, are invalid and unenforceable;

4.     That the Court award Defendants and Counterclaimants their

CHRISTIE, PARKER & HALE, LLP

attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, or any other applicable statute;

5.     That the Court award Defendants and Counterclaimants their costs of suit; and

6.     That the Court grant such other relief as the Court deems just and proper.

DATED: February 28, 2013

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____
   Steven E. Lauridsen

Attorneys for Defendants and Counterclaimants,
SMASH PICTURES, INC., DANIEL QUINN, STUART WALL, JAMES LANE aka JIM POWERS and RIGHT ASCENSION d/b/a ADULT DVD EMPIRE

CHRISTIE, PARKER & HALE, LLP

1

## **DEMAND FOR A JURY TRIAL**

2       Defendants and Counterclaimants demand a trial by jury to decide all

3  issues so triable in this case.

4

5

6  DATED:  February 28, 2013        Respectfully submitted,

7                           CHRISTIE, PARKER & HALE, LLP

8

9                           By _____

10                             Steven E. Lauridsen

11                           Attorneys for Defendants and
Counterclaimants,
SMASH PICTURES, INC., DANIEL
QUINN, STUART WALL, JAMES
LANE aka JIM POWERS and RIGHT
ASCENSION
d/b/a ADULT DVD EMPIRE

SEL PAS1220336.1-*-02/28/13 1:59 PM

CHRISTIE, PARKER & HALE, LLP

**CERTIFICATE OF SERVICE**

    I certify that on February 28, 2013, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **Counterclaim Against Fifty Shades Limited and Universal City Studios LLC** was served on the parties in this action by U.S. Mail addressed as follows:

Andrew J. Thomas
David R. Singer
Lisa J. Kohn
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071

    I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

    Executed on February 28, 2013 at Glendale, California.

Susan Lovelace