E-FILED 05/08/13

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIFTY SHADES LIMITED, a United Kingdom private company; and UNIVERSAL CITY STUDIOS LLC, a Delaware limited liability company,<br><br>            Plaintiffs,<br><br>      v.<br><br>SMASH PICTURES, INC., a California corporation; LUV MOVES, a business entity of unknown form; DANIEL QUINN, an individual; STUART WALL, an individual; JAMES LANE aka JIM POWERS, an individual; RIGHT ASCENSION, INC., d/b/a ADULT DVD EMPIRE, a Pennsylvania corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.  CV 12-10111-PSG (SHx)<br><br>**[PROPOSED] JUDGMENT FOR PERMANENT INJUNCTION** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT, in accordance with the Stipulation for Entry of Judgment for Permanent Injunction entered into and filed herewith by Plaintiffs Fifty Shades Limited ("FSL") and Universal City Studios LLC ("Universal") (collectively and severally, "Plaintiffs") and Defendants Smash Pictures, Inc. ("Smash Pictures"), LUV Moves, Daniel Quinn, Stuart Wall, James Lane aka Jim Powers, and Right Ascension, Inc. dba Adult DVD Empire ("DVD Empire") (collectively and severally, "Defendants"), through their respective counsel of record in this action, the Court HEREBY FINDS THAT:

1. On November 27, 2012, Plaintiffs filed the Complaint in this action (Dkt. No. 1), alleging claims for copyright and trademark infringement based on the production, marketing, and distribution by Defendants of an adult film variously titled *Fifty Shades of Grey: A XXX Adaptation* and *This Isn't Fifty Shades of Grey XXX: This is a Parody* (the "First XXX Adaptation"). Defendants acknowledge that they have been properly and validly served with the Summons and Complaint in this action.

2. On January 29, 2013, Plaintiffs filed a Motion for Preliminary Injunction in this action (Dkt. No. 19) (the "Motion"). In the Complaint and Motion, Plaintiffs have asserted (i) that FSL owns valid copyrights in the bestselling novels by E L James titled *Fifty Shades of Grey, Fifty Shades Darker,* and *Fifty Shades Freed* (the "Fifty Shades Trilogy") and that Universal owns exclusive motion picture rights in the Fifty Shades Trilogy; (ii) that Defendants had extensive access to the Fifty Shades Trilogy and that the First XXX Adaptation is substantially similar to the novels *Fifty Shades of Grey* and *Fifty Shades Darker* in its expressive elements; (iii) that the First XXX Adaptation is not protected by the fair use doctrine as a parody or otherwise; and (iv) that Defendants' production and distribution of the First XXX Adaptation infringes Plaintiffs' copyrights in the Fifty Shades Trilogy in violation of 17 U.S.C. §§ 106 and 501.

3. The Complaint also seeks, among other things, to enjoin (i) Defendants' production, promotion, distribution, reproduction, and sale of any other unauthorized adaptations of the Fifty Shades Trilogy, including without limitation Defendants' motion picture variously titled *This Isn't Fifty Shades Darker II: This is a XXX Parody* and *Filthy Shades Darker* (the "Second XXX Adaptation") and Defendants' announced film adaptation of the novel *Fifty Shades Freed* (the "Third XXX Adaptation") (collectively with the First XXX Adaptation, the "XXX Adaptations"); and (ii) Defendants' use of FSL's trademarks and use of the trade dress associated with the Fifty Shades Trilogy, including: a title printed in a silver-white slab serif typeface over a dark, blue-grey background and positioned in the upper-right-hand corner; the depiction of a silver-grey patterned necktie, similar to that portrayed on the cover of *Fifty Shades of Grey*; the depiction of a feathered silver masque, similar to that portrayed on the cover of *Fifty Shades Darker*; and/or the depiction of handcuffs, similar to those portrayed on the cover of *Fifty Shades Freed* (collectively and severally, the "Fifty Shades Trade Dress");

4. On February 28, 2013, Defendants filed an Answer to the Complaint denying Plaintiffs' allegations of copyright and trademark infringement and alleging that Defendants' conduct constitutes fair use of any alleged copyrighted material and any purported trademarks. Defendants also filed a Counterclaim against Defendants for a declaration of copyright and trademark non-infringement and a declaration of copyright invalidity.

5. Plaintiffs and Defendants have entered into a settlement agreement and have stipulated to the entry by the Court of this Judgment for Permanent Injunction in this action on the terms set forth below (the "Permanent Injunction Judgment").

NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:

A.    Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, their respective parent, subsidiary and affiliated companies, together with their respective officers, directors, principals, owners, partners, shareholders, agents, servants, employees, representatives, successors, assigns, licensees, transferees, attorneys, and all persons in privity with Defendants or with any of the foregoing, or acting in concert or participation with them, or at their direction, or within their control:

    1.    Shall be permanently enjoined and restrained from directly or indirectly infringing in any manner the exclusive rights under Section 106 of the Copyright Act, 17 U.S.C. § 106, that the Plaintiffs, respectively, own or control with respect to the Fifty Shades Trilogy, including without limitation by engaging in any of the following:

        a.    Distributing, publishing, reproducing, exhibiting, displaying, performing, broadcasting, preparing derivative works of, advertising, promoting, marketing, selling, attempting to sell, or otherwise disseminating or exploiting the First XXX Adaptation, or any portion thereof or content therefrom that contains any dialogue or descriptions from the Fifty Shades Trilogy or any references to the title, characters, story, settings, props, costumes or sequence of events depicted in the Fifty Shades Trilogy, and from participating or assisting in any such activity whether occurring within the United States or outside the United States;

        b.    Distributing, publishing, reproducing, exhibiting, displaying, performing, broadcasting, preparing derivative works of, advertising, promoting, marketing, selling, attempting to sell, or otherwise disseminating or exploiting any other unauthorized adaptation of the Fifty Shades Trilogy, including without limitation the Second XXX Adaptation, the Third XXX Adaptation, or any

portion thereof or content therefrom that contains any dialogue or descriptions from the Fifty Shades Trilogy or any references to the title, characters, story, settings, props, costumes or sequence of events depicted in the Fifty Shades Trilogy, or any other work based in any way on any character, event, dialogue, or story contained in the Fifty Shades Trilogy, and from participating or assisting in any such activity whether occurring within the United States or outside the United States.

    2. Shall be permanently enjoined and restrained from directly or indirectly infringing in any manner FSL's trademark rights, including without limitation by (a) using or attempting to register in any manner any trademark, service mark, title, trade name, domain name, or trade dress that includes or is confusingly similar to the marks FIFTY SHADES, FIFTY SHADES OF GREY, FIFTY SHADES DARKER, FIFTY SHADES FREED, ANASTASIA STEELE, CHRISTIAN GREY, LATERS BABY, or INNER GODDESS (collectively, the "Fifty Shades Marks"), in connection with the advertising, sale, offering for sale, rental, or other distribution of any goods or services, including without limitation adult novelty merchandise and/or motion pictures on any media, including DVDs, Blu-ray discs, video-on-demand offerings, television exploitation or related goods or services, except that DVD Empire shall not be prohibited from lawfully distributing any motion picture adaptation of the Fifty Shades Trilogy produced or authorized by FSL or Universal; (b) otherwise infringing or diluting the Fifty Shades Marks or Fifty Shades Trade Dress, or unfairly competing with FSL, or otherwise injuring FSL's business reputation in any manner; or (c) participating or assisting in any such activity whether occurring within the United States or outside the United States.

  B. Defendant Smash Pictures forthwith shall provide written notice of the Permanent Injunction Judgment (1) to each of its respective officers, directors, principals, owners, partners, shareholders, agents, servants, employees, attorneys,

representatives, successors, assigns, licensees, transferees, all entities through which they conduct business, and all those acting in concert or participation with each or any of them; and (2) to all distributors, retailers, wholesalers, and other parties that it knows or has reason to believe are in possession of the First XXX Adaptation, the Second XXX Adaptation, and/or the Third XXX Adaptation for purposes of trade. Defendant Smash Pictures shall inform these individuals or entities that, in accordance with this Permanent Injunction Judgment, the XXX Adaptations are not to be advertised, promoted, marketed, displayed, licensed, sold, rented, or otherwise distributed, either within the United States or outside the United States. Defendant Smash Pictures shall provide a copy of this Permanent Injunction Judgment as part of such notice, which may be transmitted by email.

C.  All claims, counterclaims, and defenses in this action are hereby resolved by this Permanent Injunction Judgment. The Parties shall each bear their own attorneys' fees and costs of suit in the Action.

D.  Within thirty (30) days of the date the Court enters this Permanent Injunction Judgment, Defendant Smash Pictures shall file and serve a report in writing and under oath setting forth in detail the manner and form in which it has complied with the terms of this Permanent Injunction Judgment, including its obligation to give notice.

E.  The parties have consented to, and the Court shall retain, continuing jurisdiction for purposes of enforcement of this Permanent Injunction Judgment. Violation of this Permanent Injunction Judgment shall expose Defendants and all other persons bound by the Judgment to all applicable penalties, including contempt of Court.

Dated:  _05/08/13

The Honorable Philip S. Gutierrez
United States District Court Judge

Submitted by:
JENNER & BLOCK LLP


 /s/ Andrew J. Thomas
Andrew J. Thomas

Attorneys for Plaintiffs
Fifty Shades Limited and
Universal City Studios LLC


CHRISTIE, PARKER & HALE, LLP


 /s/ Howard A. Kroll
Howard A. Kroll

Attorneys for Defendants
Smash Pictures, Inc., Luv Moves,
Daniel Quinn, Stuart Wall, James Lane
aka Jim Powers, and Right Ascension,
Inc. d/b/a Adult DVD Empire